IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MICA LAQUIN WILLIAMS,

                           Plaintiff,

        v.                         Civil Action No.
                                         5:08-CV-220 (NPM/DEP)

ROBERT SHAW*,*

                           Defendant.

---

APPEARANCES:

FOR PLAINTIFF:

MICA LAQUIN WILLIAMS, *Pro Se*

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

The clerk has sent to the court a complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* and a motion for appointment of counsel, filed by plaintiff Mica Laquin Williams. Dkt. Nos. 1-3.

In her *pro se* complaint, plaintiff alleges that defendant Robert Shaw, her former landlord, destroyed and/or stole various items of property from the apartment she rented from him at 105 Morgan Avenue, Syracuse, New

York when she was unable to vacate the residence by the mutually agreed-upon date of September 1, 2006. Dkt. No. 1 at 2-3. Plaintiff maintains that she and defendant Shaw signed an agreement indicating that if she failed to vacate the premises on or before September 1, 2006, she was required to pay twenty-five dollars per day from her security deposit. Without either providing further details or identifying any law or constitutional provision under which her claims arise, plaintiff fails to list any causes of action in her *pro se* complaint; rather, plaintiff merely asserts the foregoing factual allegations, attaches an itemized list of the missing and destroyed items, and demands payment for her lost property and compensation for "[her] time." *Id.* at 2-6. For a complete statement of plaintiff's allegations, reference is made to the complaint.

II.   DISCUSSION

   A.   Plaintiff's Application to Proceed *In Forma Pauperis*

Although plaintiff represents that she receives approximately $1232.00 in Social Security payments monthly, and $60.00 in bi-weekly child support, she further maintains that her six children are dependent upon her for support. Dkt. No. 2 at 2. Accordingly, after reviewing plaintiff's submissions, I recommend that plaintiff be permitted to

commence this action *in forma pauperis* because she has set forth information sufficiently establishing the requisite economic need. *See id.*

B.    Plaintiff's Complaint

Since it appears plaintiff meets the financial criteria for commencing this case *in forma pauperis*, I must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.*

In addition, a pleading must comply with the pleading requirements of the Federal Rules of Civil Procedure.[1] Rule 8 of the Federal Rules provides that a pleading which sets forth a claim for relief shall contain,

---

[1] In determining the sufficiency of a complaint, I am mindful that the Federal Rules embrace the concept of "notice pleading," and command that form not be exalted over substance. *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005).

3

*inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of this rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)). Rule 10 of the Federal Rules provides, in part, that the claims be set forth in separately numbered paragraphs each of which "shall be limited as far as practicable to a statement of a single set of circumstances. . . ." *See* Fed. R. Civ. P. 10(b). The purpose of Rule 10 is to "'provide an easy mode of identification for referring to a particular paragraph in a prior pleading.'" *Sandler v. Capanna*, No. 92-4838, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

In light of Williams's *pro se* status, I have examined her pleading carefully to determine whether a basis exists for the court to exercise jurisdiction over her claims. *See, e.g., Haines v. Kerner,* 404 U.S. 519,

4

520-21, 92 S. Ct. 594, 596 (1972) (holding that a pro se litigant's pleading is to be liberally construed and should be held "to less stringent standards than formal pleadings drafted by lawyers."). I conclude that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as it fails to state a claim for which this Court can grant relief. In light of Williams's *pro se* status, however, she should be given the opportunity to submit an amended complaint.

A review of plaintiff's complaint reveals that plaintiff has failed to set forth enough information for the court to determine whether she has a viable claim pursuant to 42 U.S.C. § 1983 that may properly be brought before this court. Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516, (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (holding that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional

rights") (citation omitted).  Although plaintiff asserts the tangible loss of her property, plaintiff has failed to set forth her alleged civil rights violation in constitutional terms as required under section 1983, and the nature of the claims asserted by plaintiff remains unclear.  I further note that the complaint, as drafted, is not susceptible to a responsive pleading.

Moreover, a party may not be held liable under section 1983 unless it can be established that he or she has acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92 CIV. 4288, 1992 WL 380914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  Since it is the duty of the plaintiff to allege state action on the part of the defendants named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus.  *See, e.g., Giannini vs. Pearson*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed* (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club,* 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.) (affirming dismissal of complaint

where plaintiff failed to include allegations of state action in complaint), *modified on other grounds* 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, at *4 (E.D.N.Y. May 6, 1988) (same). Plaintiff identifies only one defendant in her complaint – her former landlord Robert Shaw – and fails to articulate any allegations of state action by that defendant, or any claims that he acted under color of state law or in concert with a state actor. Accordingly, plaintiff's complaint, as drafted, does not contain any allegations to support a finding that this defendant was involved in any state action resulting in an alleged violation of plaintiff's constitutional rights. I therefore recommend that plaintiff be permitted to correct the deficiencies in her complaint, or face dismissal of this action.

    C.    <u>Motion to Appoint Counsel</u>

Turning to Plaintiff's motion for the appointment of counsel, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a Court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the Court should

7

then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits, *i.e.*, "'whether the indigent's position was likely to be of substance.'" *McDowell v. State of New York*, No. 91 CV 2440, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; however, they are required to show likely merit. *Id.*

It appears that the complaint filed by plaintiff is insufficient, and that an amended pleading must first be filed for this action to proceed. Since plaintiff has failed to establish that her claim is likely to be of substance, I recommend that the court deny plaintiff's motion for appointment of counsel without prejudice. After the defendant has responded to the allegations in plaintiff's amended complaint and discovery has been undertaken by the parties, plaintiff may choose to file a new motion for appointment of counsel, at which time the court might be better able to determine whether such appointment is warranted in this lawsuit. Plaintiff is advised that any future motion for appointment of counsel must be

8

accompanied by documentation that substantiates plaintiff's efforts to obtain counsel from the public and private sector.

IV.     SUMMARY AND RECOMMENDATION

After carefully reviewing plaintiff's complaint and the applicable law, and for the above-stated reasons, I conclude that plaintiff has failed to state a claim against the named defendant upon which relief may be granted; and therefore her complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of plaintiff's *pro se* status, however, I recommend that the court provide her with an opportunity to amend her complaint to cure the deficiencies described in this report.

Based upon the foregoing it is hereby

RECOMMENDED that plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) be GRANTED; and it is further

RECOMMENDED that plaintiff be permitted to amend her complaint to rectify the inadequacies described herein, and in accordance with any further directives provided by the district judge assigned to this action; and it is further

RECOMMENDED that plaintiff's motion for appointment of counsel (Dkt. No. 3) be DENIED without prejudice to renew at some future time.

9

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the plaintiff in accordance with this court's local rules.

Dated:   March 13, 2008
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge