UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
========================================================================

MICA LAQUIN WILLIAMS,

                                  Plaintiff,

v.                                           5:08 - CV - 220 (NPM/DEP)

ROBERT SHAW,

                                  Defendant.

========================================================================

APPEARANCES:

MICA LAQUIN WILLIAMS, Pro Se

Neal P. McCurn, Senior United States District Judge

### MEMORANDUM-DECISION and ORDER

      Plaintiff Mica Williams ("plaintiff") brings this civil action pursuant to 42 U.S.C. § 1983, alleging that her former landlord, defendant Robert Shaw ("defendant") destroyed and/or stole property from the apartment she rented from him at 105 Morgan Avenue, Syracuse, New York. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

      On March 13, 2008, Magistrate Judge David E. Peebles issued a Report and Recommendation ("Report-Rec") (Doc. No. 5) which recommended that this court grant plaintiff's motion to proceed in forma pauperis and deny without prejudice

plaintiff's motion to appoint counsel, but grant leave to renew at some future time. The magistrate found that plaintiff "failed to set forth enough information for the court to determine whether she has a viable claim pursuant to 42 U.S.C. § 1983 that may be properly brought before this court."  Plaintiff also failed to allege state action, a requirement of an alleged violation of a plaintiff's constitutional rights under § 1983.  The magistrate therefore recommended that plaintiff be permitted to correct the deficiencies in her complaint. Id.

No objection was filed to the Report-Rec by the due date of March 27, 2008.  Upon careful review, the court approves and adopts the Report-Rec as drafted by Magistrate Peebles.  On March 27, 2008, plaintiff filed a letter motion requesting to amend her complaint (Doc. No. 6), with an amended complaint attached thereto.

The court grants Plaintiff's motion to amend, and after careful consideration of the amended complaint, finds that plaintiff has still failed to allege state action, or to designate any state actors working in concert with her former landlord in order to violate her constitutional rights.  Accordingly, the court dismisses this action for failure to set forth a viable claim pursuant to 42 U.S.C. § 1983.

This court suggests that the proper forum in which plaintiff should seek

relief in the present action is the New York Small Claims Court. In New York Small Claims Court[1] actions, "[t]he court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence ...." Uniform District Court Act, Article 18 § 1804 (West 2008). In the instant case, the Small Claims division of the Syracuse City Court has geographic jurisdiction if plaintiff can show that the defendant either (1) resides in, (2) does business in, or (3) is employed in Onondaga County at the time plaintiff begins the action in the Small Claims Court. Assuming, arguendo, that the defendant still owns the premises at 105 Morgan Avenue, Syracuse, New York, the Small Claims Court would have jurisdiction over him on the second element. Here, plaintiff is asserting damages of $5,000.00, which is the monetary jurisdictional limit of the Small Claims Court, exclusive of interests and costs.[2] The court directs plaintiff to that court as a possible means of seeking relief in this matter as she is still within the three-year statute of

---

[1] See www.nycourts.gov/courts/townandvillage/pdfs/SmallClaimsHandbook.pdf for the current Small Claims Court handbook.

[2] See 5th Judicial District, Syracuse City Court, Small Claims at www.courts.state.ny.us/courts/5jd/onondaga/syracuse/smallclaims/shtml (2008).

limitations to assert a claim on property damage.[3]

### III.   Conclusion

For the reasons set forth above, the recommended ruling (Doc. No. 5) is hereby APPROVED and ADOPTED.  Accordingly, plaintiff's motion for leave to file in forma pauperis (Doc. No. 2) is hereby GRANTED; plaintiff's motion to appoint counsel (Doc. No. 3) is hereby DENIED; and plaintiff's letter motion requesting to amend her complaint (Doc. No. 6) is hereby GRANTED.

After careful review of the amended complaint, the court DISMISSES same with prejudice for failure to state a claim under 42 U.S.C. § 1983, and suggests that plaintiff seek relief in the Small Claims Court of the City of Syracuse, a forum more amenable to pro se suits of this type, and more suited to providing the relief plaintiff is seeking.

SO ORDERED.

April 15, 2008

_____
Neal P. McCurn
Senior  U.S. District Judge

---

[3]   See NY CPLR § 214(4) (West 2008).